UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

EPOCH INTERNATIONAL
PARTNERS, LLP, a
Limited Liability
Partnership, organized under the
laws of England and Wales

      Plaintiff.

vs.

BIGFOOT INC., a Florida
Corporation; and CHRISTOPHER
CLARKE, an individual;

      Defendant
_____/

## COMPLAINT

Plaintiff Epoch International Partners, LLP ("Plaintiff") sues Defendant Bigfoot Inc. ("Bigfoot") and Defendant Chris Clarke ("Clarke") (together, "Defendants") and alleges:

### NATURE OF THIS ACTION

1. Plaintiff paid Defendant Bigfoot $1,200,000.00 for Honeywell DC300 N95 masks on July 31, 2020; Defendant accepted payment of the masks but never delivered the product, and refused to refund the money. Defendants then induced Plaintiff to sign a settlement agreement that they had no intention of fulfilling, harmed Plaintiff's business reputation, and caused substantial monetary damage.

### PARTIES

2. Plaintiff Epoch International Partners, LLP is a company incorporated and registered in England, with its principal place of business in London, England.

1



3. Defendant Bigfoot Inc. is a Florida corporation with its principal place of business in Broward County, Florida.

4. Defendant Chris Clarke is an individual who resides in Broward County, Florida, and is the President and Chief Executive Officer of Bigfoot Inc.

**JURISDICTION AND VENUE**

5. This Court has personal jurisdiction over Defendants pursuant to § 48.193, Florida Statutes, because Defendant Bigfoot Inc. is a Florida corporation and is engaged in substantial and not isolated activity in the state of Florida and Defendant Clarke resides, committed a tortious act, and otherwise conducts business in Florida.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this case is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and/or because Defendants are subject to this Court's personal jurisdiction.

**FACTUAL ALLEGATIONS**

8. Defendant Bigfoot is a self-proclaimed personal protective equipment distributorship that sells, amongst other things, Honeywell DC300 N95 NIOSH-certified face masks.

9. On or about July 31, 2020, Plaintiff agreed to purchase 500,000 Honeywell DC300 N95 masks (the "masks") from Bigfoot for the purchase price of $1,200,000 (the "Purchase Price").

10. Plaintiff paid Bigfoot the Purchase Price for the masks on July 31, 2020.

2



11. However, despite accepting the $1,200,000, Bigfoot never delivered any of the masks.

12. After months of inquiries regarding Defendants' failure to deliver the masks, Defendants agreed to refund to Plaintiff the entire Purchase Price of $1,200,000 in exchange for, *inter alia*, terminating Bigfoot's obligations arising under the original sale transaction and mutual releases to be executed by the parties.

13. As an inducement to enter into this settlement agreement, Bigfoot, represented to Plaintiff that Bigfoot would have no problem promptly refunding the full amount of the Purchase Price because Bigfoot had more than $100,000,000.00 in its bank account. As further assurance of Defendants' ability to refund Plaintiff's money in full, Bigfoot showed Plaintiff a screenshot of a Capital One bank account purportedly belonging to Bigfoot Inc. with a balance of $108,659,023.08.



14. In reliance on Defendants' representations regarding their ability to promptly



refund Plaintiff's money in full, Plaintiff agreed to enter into a settlement agreement.

15. Accordingly, on March 11, 2021, the parties entered into the Settlement Agreement, a copy of which is attached hereto as Exhibit A (the "Settlement Agreement").

16. The Settlement Agreement required payment of a full refund of $1,200,000 to Epoch no later than April 5, 2021.

17. Defendants did not make the required payment on April 5, 2021. To date, Defendants have not made any payment pursuant to the Settlement Agreement.

18. Plaintiff has hired the undersigned firm and is obligated to pay them reasonable attorneys' fees.

19. All conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been waived or excused.

## COUNT I

### BREACH OF CONTRACT
### (v. Defendant Bigfoot)

20. Plaintiffs reallege and incorporate all allegations in paragraphs 1 through 19 as if set forth fully herein.

21. Plaintiff and Defendant Bigfoot entered into a written Settlement Agreement, pursuant to which Bigfoot agreed to pay $1,200,000 to Plaintiff no later than April 5, 2021. (EXHIBIT A).

22. Defendant breached the Agreement by failing to make the required payment by April 5, 2021.

23. To date, Defendant has not paid the amount due under the Agreement.

24. As a result of Defendant's breach, Plaintiff has suffered damages, including



compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment against Defendant Bigfoot Inc. for damages for breach of contract, costs, and such other relief that this Court deems just and proper.

## COUNT II

### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (v. Defendant Bigfoot)

25. Plaintiffs reallege and incorporate all allegations in paragraphs 1 through 19 as if set forth fully herein.

26. Defendant Bigfoot is engaged in "trade or commerce" within the scope of FDUTPA.

27. FDUTPA expressly states that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

28. Defendant committed a deceptive act and/or unfair practice by inducing Plaintiff to entered into an agreement with Bigfoot for the purchase of 500,000 Honeywell DC300 N95 masks in exchange for immediate payment of $1,200,000; failing to provide any of the purchased masks and refusing to refund the Purchase Price; then inducing Plaintiff to enter into a settlement agreement to refund Plaintiff's money based on false or misleading representations regarding Bigfoot's ability to pay and without any intention of actually refunding Plaintiff's money.

29. That deceptive act and/or unfair practice caused injury to Plaintiff, including actual damages, lost profits, loss of goodwill, lost business opportunities, lost customers, and damage to their business reputation.



30. Plaintiff has sustained actual damages as a result of Defendant's deceptive act and/or unfair practice and are entitled to recover such damages pursuant to § 501.211(2), Florida Statutes.

31. Plaintiff is entitled to a declaration under § 501.211(1), Florida Statutes, that Defendant's actions at issue herein violate the provisions of FDUTPA.

32. Plaintiff is entitled to recover its reasonable attorney's fees and costs incurred in this action pursuant to §§ 501.2105(1) & 501.211(2), Florida Statutes.

WHEREFORE Plaintiff demands judgment against Defendant Bigfoot Inc. for declaratory relief pursuant to § 501.211(1), Florida Statutes, and to recover their actual damages, prejudgment interest from the date of loss, post judgment interest, reasonable attorney's fees and costs pursuant to §§ 501.2105(1) & 501.211(2), Florida Statutes, and such other relief as the Court deems just and proper.

## COUNT III

### FRAUD
### (v. Defendants Bigfoot and Clark)

33. Plaintiff realleges and incorporates all allegations in paragraphs 1 through 19 as if set forth fully herein.

34. In or around March 2021, prior to entering into the Settlement Agreement, Defendant Clark represented to Plaintiff that Bigfoot would refund all of the Purchase Price for the masks to Plaintiff in settlement for its failure to delivery the masks. Defendants also represented that Bigfoot had more than $100,000,000 available in its bank account and would, therefore, be able to promptly refund all of the Purchase Price for the masks to Plaintiff. Defendants even showed Plaintiff a screenshot of the account balance to convince Plaintiff



that Bigfoot had the funds to refund Plaintiff's money. Moreover, on at least two occasions, it was represented that Clarke was in the process of wiring the funds to Epoch's attorney's IOLTA account.

35.     Defendants' representations were false because Defendants had no intention of refunding Plaintiff's money.

36.     Defendants' representations were also material to Plaintiff's decision to enter into a settlement agreement to resolve the parties' dispute.  Neither the Plaintiff nor any reasonable person would have entered into the Settlement Agreement knowing that Defendants had no intention to follow through on their agreement to refund the Plaintiff's money.

37.     When the Defendants told Plaintiff that Bigfoot had the present ability to repay all of Plaintiff's money and provided Plaintiff with a screenshot of Bigfoot's account balance, they did so with the intent to induce Plaintiff to enter into the Settlement Agreement, based the false impression that Defendant would have no difficulty in complying with an agreement to provide a refund based on its sizeable bank account. Subsequently, Defendant Clarke denied that Bigfoot had the money.

38.     Plaintiff relied on Defendants' representations and entered into the Settlement Agreement based on those representations. Plaintiff would not have entered into the Settlement Agreement if it had not heard Plaintiff's misrepresentations.

39.     As a result of the Plaintiff's reliance on Defendants' misrepresentations inducing Plaintiff to enter into the Settlement Agreement, Plaintiff was damaged.

40.     The Defendants' fraudulent conduct, inducing Plaintiff's reliance, was the direct and proximate cause of Plaintiff's loss.



WHEREFORE, Plaintiff demands judgment against Defendants Bigfoot Inc. and Chris Clarke for damages, including actual damages, lost profits, loss of goodwill, lost business opportunities, lost customers, and damage to their business reputation, in an amount to be determined at trial, costs, interest, and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted on April 27, 2021

/s/   *Kelsey K. Black*
Kelsey K. Black
Florida Bar No. 078925
Email: kelsey@kkbpa.com
Cody Shilling
Florida Bar No. 1010112
Email:  cs@kkbpa.com
BLACK LAW PA
1401 E. Broward Blvd. Suite 204
Fort Lauderdale, FL 33301
Tel: (954) 320-6220 / Fax: (954) 320-6005
*Counsel for Plaintiff*

